IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THUNDER ENERGY SOLUTIONS, INC.,**

    **Plaintiff,**

v.                                        CIVIL ACTION NO. 2:21-CV-30
                                                                       (KLEEH)

**DEEP ROOTS ENERGY SERVICES, LLC,
JORDAN ZAKOVEC, individually,
RICK FRAME, individually,
JOSH BAILEY, individually,
JAMES DANIEL MOODY, individually,
and SUSAN MOODY, individually,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS AND
TRANSFERRING ACTION PURSUANT TO 28 U.S.C. § 1404(a)**

Pending before the Court is Defendants Josh Bailey, Deep Roots, James Moody, Susan Moody, and Jordan Zakovec's Motion to Dismiss Pursuant to the Forum Selection Clause of the Subject Agreements. ECF No. 5. For the reasons discussed herein, the Motion is **DENIED** and the action is transferred.

### I.     PROCEDURAL HISTORY

On December 22, 2021, Plaintiff Thunder Energy Solutions, Inc. ("Plaintiff" or "Thunder Energy") filed a Complaint against Defendants Deep Roots Energy Services, LLC ("Deep Roots"), James Daniel Moody, Susan Moody, Jordan Zakovec, Josh Bailey, and Rick Frame (collectively "Defendants"). ECF No. 1, Compl. Defendants Deep Roots Energy Services, LLC, James Moody, Susan Moody, Jordan

Zakovec, and Josh Bailey ("Moving Defendants"), by counsel, answered the Complaint. ECF Nos. 3, 4. Defendant Rick Frame, by counsel, answered and asserted a cross claim against Defendants Zakovec and Bailey. ECF No. 14. Moving Defendants filed the instant Motion to Dismiss pursuant to the forum selection clause of the agreements made on January 4, 2022, Rule 12(b)(6) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1404(a). ECF No. 5. Plaintiff responded in opposition on January 18, 2022, and Moving Defendants replied in support on January 19, 2022. ECF Nos. 12, 13. The Court entered its First Order and Notice, and the parties returned their Report of Planning Meeting and Scheduling Order Checklist. ECF Nos. 10, 16. The Court entered its Scheduling Order which governs the deadlines in this case. ECF No. 19.

Moving Defendants' Motion to Dismiss ("Motion") [ECF No. 5] is ripe for decision and is the subject of this Memorandum Opinion and Order.

## II.   COMPLAINT

### 1. Parties

Plaintiff Thunder Energy Solutions, Inc., is a California Corporation with its principal place of business in Huntington Beach, California. ECF No. 1, Compl., ¶ 1. Defendant Deep Roots Energy Services, LLC, is a West Virginia limited liability company with its principal place of business in Weston, West Virginia. Id. ¶ 2. The individual defendants are all residents of West Virginia

and are members of the Defendant Deep Roots Energy Services, LLC. Id. ¶¶ 3-12.

### 2. Allegations in Complaint

On December 28, 2020, Plaintiff and Defendants entered into a Loan and Security Agreement (the "Agreement") and a Promissory Note ("Note") whereby Plaintiff would lend Defendants $200,000.00 (the "Funds") in immediately accessible funds for the sole purpose of financing Defendants' ability to satisfy a bonding requirement for a contract between Defendants and Frontier Communications. Id. ¶ 15. Payment was to be made in five equal monthly installments of $50,000.00 beginning February 1, 2021. Id. ¶ 16. Defendants were to repay Plaintiff $250,000.00, reflecting an interest rate of 25% annum. Id. ¶ 17. Defendants satisfied the first monthly obligation on February 1, 2021. Id. ¶ 18. No additional payments have been made.

The Agreement states that the following events constitute an "Event of Default" under the Agreement and Note:

> a.  The failure of Borrower to make any payment promptly when due of principal, interest or any other sums due under any one or more of (a) this Agreement, or (b) the Note (collectively "Loan Documents").
>
> . . .
>
> c.  The fraud or malfeasance of Borrower in the use or application of any proceeds of the Loan.

>    d. The falsity in any material respect of any
>    representation or warranty by Borrower to
>    Lender contained in the Loan Agreement or any
>    of the Loan Documents. . .

Id. ¶ 20. Plaintiff alleges the funds were not used for their stated purpose. Id. ¶ 27. Plaintiff sent Defendants a demand letter upon their default and informed Defendants of their $200,000.00 breach. Id. ¶ 28. To date, Defendants have made no payment to Plaintiff.

Based on these facts, Plaintiff brings four (4) causes of action:

- Count I: Breach of Contract (Defendant Deep Roots)
- Count II: Fraudulent Misrepresentation (All Defendants)
- Count III: Piercing the Corporate Veil (Defendants Zakovec, Bailey, Dan Moody, and Sandy Moody (Individual Defendants))
- Count IV: Unjust Enrichment (All Defendants)

### III. **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a Complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should

dismiss a Complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

The Fourth Circuit has provided the following guidance on forum selection clauses:

> As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). This presumption of enforceability, however, only applies if the forum selection clause is mandatory rather than permissive. See Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650–51 (4th Cir. 2010). A mandatory clause requires litigation to occur in a specified forum; a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere. Id. A permissive forum selection clause does not justify dismissal on the grounds that the plaintiff filed suit in a forum other than the one specified in the clause. See, e.g., Weber v. PACT XPP Techs., AG, 811 F.3d 758, 768 (5th Cir. 2016).

BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018).

Unless a forum selection clause contains "specific language of exclusion," the Court should find it to be permissive and conferring jurisdiction in one forum, rather than excluding another jurisdiction. Id. (citing Albemarle Corp., 628 F.3d at

651) (internal citations omitted). Forum selection clauses should not be found to be mandatory unless they describe a particular forum as the "sole" or "only" or "exclusive" forum. Id. at 472.

> Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996).

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. As we have explained in a different but " 'instructive' " context, *Stewart, supra,* at 28, 108 S.Ct. 2239, "[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 17–18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); see also *Stewart, supra,* at 33, 108 S.Ct. 2239 (KENNEDY, J., concurring) (stating that *Bremen* 's "reasoning applies with much force to federal courts sitting in diversity").

Atl. Marine Const. Co., Inc. v. Dist. Court for the W. Dist. of Tex., 571 U.S. 49, 64 (2013).

Alternatively, "a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is merely a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 571 U.S. 49, 60 (2013). "For . . . cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of forum non conveniens has continuing application in federal courts." Id. 60-61 (internal quotation marks and citation omitted).

## IV. DISCUSSION

Defendants' motion to dismiss [ECF No. 5] is based upon a mandatory forum selection clause. Plaintiff argues the clause was included to benefit Plaintiff only, and now that Plaintiff waives the forum selection clause and wishes to proceed in suit in West Virginia, the Court should disregard the Agreement and deny the motion to dismiss. Alternatively, Plaintiffs request a venue transfer pursuant to 28 U.S.C. § 1404(a).

The Clause here states:

> 10. Governing Law: Venue. This Agreement shall

> be governed by the laws of the state of California. Venue for any action hereunder shall be proper only in Orange County, California.

Loan and Security Agreement, ECF No. 1-3, ¶ 10; Promissory Note, ECF No. 1-2, ¶ 10. Plaintiff, a California resident, brings suit in the Northern District of West Virginia and wishes to proceed without applying the forum selection clause. Plaintiff argues the selection clause solely benefits Plaintiff and "recognize[s] the unreasonable nature of the venue selection clause for purposes of this particular dispute and disavow[s] it." ECF No. 12. By filing its Complaint in this Court, Plaintiff believes it consciously waived its right to exercise the venue selection clause. See Kennedy v. Sullivan, 138 F.R.D. 484, 491 (N.D.W. Va. 1991) (finding a class filing had waived venue protections in Social Security Act and "venue is waivable by the parties"). However, Defendants do not so waive. Defendants, West Virginia residents, wish to enforce the agreement and require Plaintiff to bring suit in California.

First, the Court is bound by the presumption of enforceability because the forum selection clause is mandatory rather than permissive. Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650–51 (4th Cir. 2010). The Clause contains specific language of exclusion: "Venue shall be proper **only** in Orange County, California." BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470-72 (4th

Cir. 2018). The plain terms of this Clause excludes particular jurisdictions, including West Virginia. The provision indicates an agreement that the Orange County, California, is the "only" jurisdiction for disputes between the parties. Because it conveys jurisdiction there and limits a party's right to litigate elsewhere, under the clear holding of BAE, the Court finds the Clause to be mandatory and presumptively enforceable.

The Court also finds the Clause to be reasonable. No party asserts the forum selection clause (1) was induced by fraud, (2) will deprive Plaintiff of its day in court, or (3) is fundamentally unfair to Plaintiff due to the choice of law. Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996). Plaintiff argues the forum selection clause's enforcement would contravene West Virginia public policy designed to protect West Virginia citizens. Any evidence that public policy would be defeated if the case were to be brought in California – a venue which the parties agreed to – is miniscule. Indeed, the defendants, the only West Virginia parties, wish to enforce the Agreement, knowing it would require them to defend claims in California.

Alternatively, Plaintiff requests the Court transfer the action pursuant to 28 U.S.C. § 1404(a). Plaintiff argues the Court should transfer the action to the Central District of California, which covers Orange County, California. It appears the United States District Court for the Central District of California,

Southern Division, is located in Santa Ana, Orange County, California. Because "Congress has replaced the traditional remedy of outright dismissal with transfer" within § 1404(a), if the "transferee forum is within the federal court system," the Court **TRANSFERS** the case to the United States District Court for the Central District of California, Southern Division. 28 U.S.C. § 1404(a).

## V.   CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is **DENIED** and the case is **TRANSFERRED** to the appropriate federal venue under 28 U.S.C. § 1404(a). ECF No. 5. Finally, for reasons contained in the motion to withdraw as counsel [ECF No. 23], and pursuant to Rule 83.03 of the Northern District of West Virginia Local Rules of General Practice and Procedure, the Court **GRANTS** the motion [ECF No. 23]. The Clerk is **DIRECTED** to terminate R. Mitchell Moore, Robert Ryan, Shawn Morgan, and the law firm of Steptoe & Johnson PLLC as counsel of record.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED**:  June 28, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA